```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

JAMES ROBINSON,                   *
                                  *
     Plaintiff,                   *
                                  *
vs.                               * CIVIL ACTION NO. 12-00683-KD-B
                                  *
THYSSENKRUPP STEELE USA,          *
LLC., et al.,                     *
                                  *
     Defendants.                  *
```

**REPORT AND RECOMMENDATION**

This action is before the Court on review. Plaintiff, who is proceeding *pro se*, filed a Complaint and a Motion to Proceed Without Prepayment of Fees on October 29, 2012. (Docs. 1, 2). In an Order dated October 31, 2012, the undersigned observed that Plaintiff's motion was deficient because it was not clear that Plaintiff was unable to pay the statutory filing fee in light of the significant financial assets that he listed. (Doc. 3). Accordingly, Plaintiff was directed to file, by November 16, 2012, a new motion that contained a complete listing of his monthly financial obligations and the amount of any assistance that he received from any source. (Id.). Plaintiff was expressly cautioned that failure to file the new motion as directed by the Court would result in the denial of his motion. Plaintiff did not file the new motion as directed. Consequently, on January 2, 2013, the Court denied his motion and ordered him

to pay the filing fee by January 16, 2013 or else suffer dismissal of his action.  (Doc. 4).

A review of the docket reflects that, to date, Plaintiff has failed to comply with the Court's directives.  As of today's date, the filing fee has not been paid, nor has Plaintiff filed a new motion to proceed without prepayment of fees.  In addition, Plaintiff's copies of the Court's Orders have not been returned to the Court.

District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute.  See, e.g., Hudson v. Cardwell Corp., 2006 U.S. Dist. LEXIS 55306, *3 (S.D. Ala. July 27, 2006) (Steele, J.).  While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court.  See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.).  Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal

Rules of Civil Procedure.  <u>See</u>, <u>e.g.</u>, <u>State Exchange Bank v. Hartline</u>, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule.").  Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." <u>Id.</u>

Due to Plaintiff's failure to comply with this Court's Orders (Docs. 3, 4) and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is recommended that this action be DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **23rd** day of **January 2013.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.